UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMAHL KING,

                Plaintiff,

-vs-                                                      **COMPLAINT**
                                                      Index No.:

VILLAGE OF GENESEO,
GENESEO POLICE DEPARTMENT,
AND GENESEO POLICE DEPARTMENT
OFFICER TRAVIS LANA, and
OFFICERS JOHN AND JANE DOE.

                Defendants.
_____

    The Plaintiff, **JAMAHL KING**, by his attorneys, the Law office of Mark A. Young, complaining of the Defendants herein, alleges and states as follows:

1. At all relevant times, the Plaintiff, Jamahl King, was, and is, a resident of the City of Rochester, County of Monroe, and State of New York.

2. At all relevant times, the Defendant, Village of Geneseo, was, and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and maintains an office for the conduct of its business at 119 Main Street, Geneseo, New York 14454.

3. At all relevant times, the Defendant, Village of Geneseo Police Department, was, and still is a law enforcement agency existing under and by virtue of the laws of the State of New York and maintains an office for the conduct of its business at 119 Main Street, Geneseo, New York 14454.

4. At all relevant times, Defendant, Travis Lana is and/or was employed as a police officer by the Village of Geneseo Police Department, and was acting for, upon, and in the course

of and in furtherance of the business of his employers, Village of Geneseo Police Department and within the scope of his employment.

5. At all relevant times, the Defendant, Village of Geneseo Police Department assumed, and still assumes responsibility and liability for the acts and/or omissions of the Defendant Police Officer Travis Lana.

6. The criminal charges against Mr. King were presented to a Grand Jury and a finding of dismissal was entered which finding was filed in the Supreme/County Court Clerk's Office in Livingston County on September 1, 2022.

## JURISDICTION, VENUE AND CONDITIONS PRECEDENT

7. The actions are brought pursuant to 42 U.S.C §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

8. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331,1343(a)(3) and (a)(4) and the aforementioned statutory and constitution provisions.

9. Venue is proper because the events occurred in this District.

10. On October 10, 2022, within ninety days after this claim arose, the Plaintiff served a Notice of Claim in compliance with the General Municipal Law, including notice of all the causes of action herein, upon all Defendants in this matter by personal service to the Geneseo Village Clerks Office, 119 Main Street, Geneseo, NY 14454.

11. At least thirty days have elapsed prior to the commencement of this action since the Defendants have neglected or refused to make an adjustment or payment in settlement of this action.

12. This action stems from an illegal arrest of Plaintiff, Jamal King, on or about May 1, 2022, when he was arrested at his place of employment and in front of onlookers by members of the Geneseo Police Department. He was promptly fired from his job and the New York State Department of State put a hold on his security license preventing him from any security service employment during this matter.

13. The causes of action herein accrued on or about September 1, 2022, after the matter against Mr. King was presented to the Livingston County Grand Jury on August 31, 2022, with a finding of dismissal filed on September 1, 2022.

14. Solely as a result of the illegal arrest, the Plaintiff was caused to endure the loss of his freedom, loss of his employment, loss of income, suspension of his New York State Security Guard license, in addition to extreme public embarrassment by his wrongful arrest and possible imprisonment.

## STATE LAW CLAIMS

### FIRST CAUSE OF ACTION ---FALSE ARREST/IMPRISONMENT

15. The Plaintiff herein repeats and realleges paragraphs 1 through 14 of this Complaint.

16. On May 1, 2022, the Plaintiff was arrested by Geneseo Police Officer Lana and charged with, grand larceny in the fourth degree.

17. The Plaintiff was wrongfully, unlawfully, and unjustifiably arrested, charged, detained, and deprived of his liberty against his will by the named Defendants, and/or its/their officers, agents, servants, employees, agents, servants, employees, agencies and/or departments, and/or at the instigation of the same.

18. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, were all carried out without proper investigation, probable cause, or a warrant.

19. At all relevant times, the named Defendants, and/or its/their officers, agents, servants, employees, agencies, and/or departments, acted forcibly in apprehending and arresting the Plaintiff.

20. At all relevant times, the named Defendants, and/or its/their officers, agents, servants, employees, agencies and/or departments, intended to confine and imprison the Plaintiff.

21. At all relevant times, Defendant police officers agreed and conspired to falsely arrest and imprison the Plaintiff.

22. Upon information and belief, the Plaintiff was unlawfully and wrongfully arrested, interrogated, harassed, and was subjected to the taking of mug shots and fingerprints.

23. The Plaintiff was wrongfully, unlawfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

24. The named Defendants, and/or its/their officers, agents, servants, and/or employees, were responsible for the Plaintiff's arrest, and detention.

25. The named Defendants, and/or its/their officers, agents, servants and/or employees, did not have a warrant or other valid legal process for the arrest, or detention of the Plaintiff.

26. The unlawful, wrongful, and false arrest of the Plaintiff was without right and without proper investigation, probable cause or reasonable suspicion or cause.

27. The false, unlawful, and improper arrest of the Plaintiff was forcible and against his will.

28. All the foregoing occurred without any fault or provocation on the part of the Plaintiff, and without the Plaintiff's consent.

29. As a result of his false arrest, the Plaintiff lost his employment and was subjected to humiliation, ridicule, and disgrace, and was otherwise psychologically, physically, and economically injured and damaged.

30. The named Defendants, and/or its/their officers, agents, servants, and/or employees, acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and were guilty of egregious and gross misconduct towards him.

31. The amount of damages in this action exceeds the jurisdictional limits of all New York State Courts except the New York State Supreme Court.

## SECOND CAUSE OF ACTION

## MALICIOUS PROSECUTION UNDER STATE LAW

32. The Plaintiff herein repeats and realleges paragraphs 1 through 31 of this Complaint.

33. The Defendant police officer had no valid reason for the arrest of the Plaintiff on May 1, 2022.

34. The commencement of the criminal proceeding was intentional, malicious, and had begun in malice and without probable cause that the proceeding could succeed.

35. On or about August 31, 2022, the Livingston County Grand Jury presented a finding of dismissal based on the insubstantial evidence to continue prosecution.

36. As a result of the malicious prosecution of the Plaintiff, Mr. King was deprived of his liberty and was subjected to scorn and ridicule. The Plaintiff suffered shock and embarrassment, loss of his employment, and had his Security license suspended by New York State. The Plaintiff was arrested, and detained. The Plaintiff suffered economic loss and was degraded in the esteem of the community.

37. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION---ASSAULT/BATTERY

38. Plaintiff here repeats paragraphs 1 through 37 of this complaint.

39. On May 1st, 2022, Plaintiff was illegally seized, arrested and detained by the named Defendants, and/or its/their officers, agents, servants, and/or employees, Plaintiffs hands were handcuffed behind his back and Plaintiff was physically touched in the process of handcuffing Plaintiff, seating Plaintiff in the back seat of the police car, removing Plaintiff from the police car, escorting Plaintiff to and within the police station, and otherwise.

40. During the illegal seizure, arrest, and detention of the Plaintiff, the named Defendants, and/or its/their officers, agents, servants, and/or employees, intentionally placed Plaintiff in fear of imminent harmful and offensive conduct and intentionally subjected Plaintiff to unwarranted harmful and offensive conduct without any just cause or provocation.

41. The named Defendants, and/or its/their officers, agents, servants, and/or employees, acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being, and were guilty of egregious and gross misconduct toward him.

42. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION---NEGLIGENT SCREENING, HIRING, RETENTION

43. Plaintiff herein repeats and realleges paragraphs 1 through 42 of this Complaint.

44. Upon information and belief, Defendants failed to properly investigate and conduct an adequate investigation into the crimes committed against DePaul-Skybird Landing and falsely prosecuted the Plaintiff for said crimes.

45. Upon information and belief, the Geneseo Police Department and Defendant Village of Geneseo, at all relevant times, were and are aware of the improper investigation conducted by the Defendant police officer(s).

46. Upon information and belief, the Defendant police officer(s) had not been properly trained and screened by the Geneseo Police Department and Village of Geneseo prior to being hired, and/or had not been terminated from the Geneseo Police Department, upon demonstrating a propensity to mishandle investigations that resulted in wrongful arrests.

47. Solely as a result of the willful, malicious, negligent, and/or reckless failure by the Defendant Village of Geneseo and Village Police Department to screen Defendant police officers for a propensity to mishandle investigations that result in wrongful arrests, as well as other professional misconduct, prior to hiring, and/or the willful, malicious, negligent, and/or reckless failure to terminate Defendant police officers who, in the past demonstrated such behavior and propensity, Plaintiff was illegally seized, arrested, charged, detained, and imprisoned.

48. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION---NEGLIGENT TRAINING, RETRAINING, SUPERVISION

49. Plaintiff herein repeats and realleges paragraphs 1 through 48 of this Complaint.

50. Upon information and belief, Defendant Geneseo Police Department failed to properly conduct a thorough investigation into the crimes committed against DePaul-Skybird Landing and falsely prosecuted the Plaintiff for said crimes.

51. Upon information and belief, the Geneseo Police Department and Defendant Village of Geneseo, at all relevant times, were and are aware of the improper investigation conducted by the Defendant police officer(s).

52. Upon information and belief, the Defendant police officer(s) had not been properly trained, re-trained and/or supervised by the Geneseo Police Department and Defendant Village of Geneseo to ensure that no seizure, arrest, and/or search effected by Defendant police officer(s) would be falsely "justified" by an inadequate investigation, as well as other relevant professional misconduct.

53. Solely as a result of the willful, malicious, negligent, and/or reckless failure by the Defendant Village of Geneseo to train, re-train, and/or supervise Defendant police officers to ensure that no seizure, arrest, detention, and/or search effected by the Defendant police officers would be falsely "justified" by an inadequate investigation, as well as other professional misconduct, Plaintiff was illegally seized, arrested, charged, and detained.

54. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### SIXTH CAUSE OF ACTION FOR RELIEF

**(New York State Constitution; Violation of Due Process Rights Under Article I § 6, Against the City Under *Respondent Superior*)**

55. Plaintiff herein repeats and realleges paragraphs 1 through 54 of this Complaint.

56. The conduct of Defendant police officers described above also violated Mr. King's rights under the New York State Constitution, Article I § 6 to due process of law.

57. The prosecution finally terminated in his favor on August 31st, 2022, when the indictment was dismissed.

58. As a direct proximate result of these Defendants actions, Mr. King suffered the grievous and continuing damages set forth above.

59. Defendant Village of Geneseo is liable under *Respondent Superior* for the actions of its employees acting within the scope of their employment.

## FEDERAL CLAIMS

### SEVENTH CAUSE OF ACTION – 42 U.S.C. § 1983; MALICIOUS PROSECUTION UNDER FEDERAL LAW AND DEPRIVATION OF LIBERTY UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS.

60. Plaintiff herein repeats and realleges paragraphs 1 through 60 of this Complaint.

61. By the actions described above, each and all of the individual Defendants jointly and severally, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or the continuation of criminal proceedings against the Plaintiff.

62. Plaintiff had a right to be free from prosecution, persecution and detention.

63. Plaintiff's detention resulted from Defendant's actions in arresting the Plaintiff, filing a police report, and issuing a felony complaint without an adequate investigation.

64. Defendants conduct shocked the conscience.

65. As a result of Defendants' impermissible conduct, Plaintiff was injured and harmed.

66. Individual Defendants' actions were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

67. By virtue of the foregoing, the Individual Defendants are liable under 42 U.S.C. § 1983, for the violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and all resultant damages.

**WHEREFORE and in light if the foregoing**, Plaintiff hereby respectfully requests that the Court assume jurisdiction and:

a. Invoke pendent party and pendent claim jurisdiction;

b. Award appropriate compensatory damages of not less than One Hundred Twenty Thousand dollars ($120,000.00);

c. Award appropriate punitive damages not less than Two Million dollars ($2,000,000.00); and punitive damages;

d. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 and the inherent powers of the Court;

e. Award pre-judgment interests as allowed by law;

f. Empanel a jury;

g. Award such other and further relief as the Court deems to be in the interest of justice.

Dated:

*Jamahl King*

*Mark A. Young*
Mark A. Young, Esq.
*Attorney for Plaintiff*
45 Exchange Blvd. Suite 802
Rochester, NY 14614
(585) 232-4240
(585) 232-4247
mark@markyounglaw.com

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE) ss:

JAMAHL, deposes and says that deponent is the Plaintiff in the within matter. Deponent has read the within Complaint and knows the contents thereof to be true to the best of deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true.

_____
JAMAHL KING

Sworn to before me this
___8___ day of September, 2023

_____
Notary Public

MARK A. YOUNG
Notary Public, State of New York
Qualified in Monroe County
Reg. No. 02YO6100278
Commission Expires _10-14-2023_

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

45 Exchange
Boulevard, Times
Square Building,
Suite 802
Rochester, NY 14614
(585) 232-4240

Y:\Personal injury\Temelkovski,D\verified complaint.wpd

3