UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMAHL KING,

                                              Plaintiff,

v.                                                   Civ. No.: 6:23-cv-06528

VILLAGE OF GENESEO,
GENESEO POLICE DEPARTMENT,
And GENESEO POLICE DEPARTMENT
OFFICER TRAVIS LANA, and
OFFICERS JOHN and JANE DOE,

                                              Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, by and through their attorneys, Webster Szanyi LLP, as and for their Answer to Plaintiff's Complaint, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Admit the allegations contained in paragraph 4 of Plaintiff's Complaint insofar as Travis Lana is and/or was a police officer with the Village of Geneseo Police Department; the remaining allegations call for legal arguments or conclusions to which no response is required.

5. Deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in paragraph 7 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

8. The allegations contained in paragraph 8 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

9. The allegations contained in paragraph 9 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore deny same.

11. Admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Deny the allegations contained in paragraph 12 of Plaintiff's Complaint

13. The allegations contained in paragraph 13 of Plaintiffs' Complaint state a legal conclusion, and therefore denies the same.

14. Deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Admit or deny the allegations contained in paragraphs 1 through 14 of Plaintiff's Complaint as previously admitted or denied.

16. Admit the allegations contained in paragraph 16 of Plaintiff's Complaint insofar as on May 1, 2022 the Plaintiff was arrested and charged with grand larceny in the fourth degree.

17. Deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. The allegations contained in paragraph 20 of Plaintiffs' Complaint state a legal conclusion, and therefore denies the same.

21. Deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. The allegations contained in paragraph 24 of Plaintiffs' Complaint state a legal conclusion, and therefore denies the same.

25. Deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of Plaintiff's Complaint and therefore deny same.

32. Admit or deny the allegations contained in paragraphs 1 through 31 of Plaintiff's Complaint as previously admitted or denied.

33. Deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of Plaintiff's Complaint and therefore deny the same.

36. Deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of Plaintiff's Complaint and therefore deny same.

38. Admit or deny the allegations contained in paragraphs 1 through 37 of Plaintiff's Complaint as previously admitted or denied.

39. Deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of Plaintiff's Complaint and therefore deny same.

43. Admit or deny the allegations contained in paragraphs 1 through 42 of Plaintiff's Complaint as previously admitted or denied.

44. Deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of Plaintiff's Complaint and therefore deny same.

49. Admit or deny the allegations contained in paragraphs 1 through 48 of Plaintiff's Complaint as previously admitted or denied.

50. Deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of Plaintiff's Complaint and therefore deny same.

55. Admit or deny the allegations contained in paragraphs 1 through 54 of Plaintiff's Complaint as previously admitted or denied.

56. Deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of Plaintiff's Complaint and therefore deny same.

58. Deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. The allegations contained in paragraph 59 of Plaintiffs' Complaint call for legal arguments or conclusions to which no response is required.

60. Admit or deny the allegations contained in paragraphs 1 through 60 of Plaintiff's Complaint as previously admitted or denied.

61. Deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. Deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

68. Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

69. One or more of Plaintiff's causes of action are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

70. Defendants are entitled to qualified and/or absolute immunity from suit.

## FOURTH AFFIRMATIVE DEFENSE

71. Plaintiff has not suffered from any damages or prejudice in connection with the causes of action asserted in the Complaint.

72. To the extent Plaintiff has suffered any damages, his claim may nonetheless be barred in whole or in part to the extent that he failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

73. The alleged unlawful and inappropriate actions were the results of discretionary determinations, thereby affording the Defendants immunity from suit.

## SIXTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred by the doctrine of eleventh amendment immunity.

## SEVENTH AFFIRMATIVE DEFENSE

75. Punitive damages are not recoverable in this action.

## EIGHTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims in whole, or part, were caused by the Plaintiff's own intentional negligence and/or reckless conduct, thereby absolving Defendants from liability and responsibility. In the event that Plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused his alleged damages.

## NINTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the General Municipal Law requirements.

## TENTH AFFIRMATIVE DEFENSE

78. The Village of Geneseo Police Department is an administrative arm of a municipality and is not subject to suit.

## ELEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff has failed to secure jurisdiction over one or more of the answering Defendants as a result of improper service of process.

## TWELFTH AFFIRMATIVE DEFENSE

80. The answering Defendants' actions were in accordance with applicable and valid procedures, policies, laws and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

81. All actions taken by the answering Defendants were neither arbitrary nor capricious.

### FOURTEENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred by the doctrine of assumption of risk, in whole or in part.

### FIFTEENTH AFFIRMATIVE DEFENSE

83. Liability for non-economic loss is limited by the provisions of Article 16 of the New York CPLR. Upon trial, if it appears that some or all of the damages claimed by plaintiffs herein were brought about or contributed to by reason of plaintiffs' own acts, actions or negligence, plaintiffs' damages, if any, must be diminished accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims may be barred, in whole or in part, by the doctrines of collateral estoppel (issue preclusion), *res judicata* (claim preclusion), and/or Rooker-Feldman.

### SEVENTEENTH AFFIRMATIVE DEFENSE

85. The actions complained of were based on probable cause and/or reasonable suspicion.

### EIGHTEENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims may be barred by the doctrines of estoppel or laches.

### NINETEENTH AFFIRMATIVE DEFENSE

87. This action may be barred by the doctrine of waiver.

### TWENTIETH AFFIRMATIVE DEFENSE

88. To the extent that a finding is made that Defendants' conduct was in violation of any statute, rule, or regulation, which Defendants hereby deny, any such violation would have been in good faith, and not willful and/or malicious.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

89. Plaintiff's claims are not sustainable in that any force used by the officer(s) was, at all times, reasonable and appropriate.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

90. Plaintiff's damages, were caused, in whole or in part, by the acts or omissions of persons other than the Defendants over whom the Defendants had no control, or by the superseding intervention of causes outside of their control.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

91. The recoverable damages, if any, should be diminished under the collateral source rule, New York CPLR § 4545.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

92. Any claim of conspiracy is barred pursuant to the "intra-corporate conspiracy" doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

93. The Defendants' conduct, to the extent it is alleged, which is herein expressly denied, did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  It was objectively reasonable for them to believe that the alleged actions were lawful, and they acted sincerely with a belief that they were doing right.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred in whole or in part, by the holdings in *Heck v. Humphrey*, *Edwards v. Balisok*, and their progeny.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

95. Defendants specifically reserve the right to assert any additional affirmative and/or other defenses that are learned or become available during the course of discovery.

### JURY TRIAL DEMANDED

**WHEREFORE,** Defendants respectfully request dismissal of the Complaint and an award of costs, disbursements and attorneys' fees.

DATED:    October 11, 2023

                                                                       WEBSTER SZANYI LLP
                                                                         Attorneys for Defendants

                                        By: *s/ Shannon B. Vandermeer*
                                                 Shannon B. Vandermeer
                                       424 Main Street, Suite 1400
                                       Buffalo, New York 14202
                                       (716) 842-2800
                                       svandermeer@websterszanyi.com

TO:   **LAW OFFICE OF MARK A. YOUNG**
       Mark A. Young, Esq.
        Attorneys for Claimant
       45 Exchange Boulevard
       Times Square Building
       Rochester, New York 14614
       (585) 232-4240
       mark@markyounglaw.com