UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMAHL KING,

                                        Plaintiff,

v.                                                          Civ. No.: 6:23-cv-06528

VILLAGE OF GENESEO,
GENESEO POLICE DEPARTMENT,
And GENESEO POLICE DEPARTMENT
OFFICER TRAVIS LANA, and
OFFICERS JOHN and JANE DOE,

                                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(C)**

WEBSTER SZANYI LLP
Shannon B. Vandermeer
Attorneys for Defendants
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
svandermeerwebsterszanyi.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................iii

PRELIMINARY STATEMENT ........................................................................... 1

KING'S ALLEGATIONS ................................................................................... 1

THE RULE 12(C) STANDARD WARRANTS DISMISSAL ............................... 2

ARGUMENT...................................................................................................... 3

POINT I .............................................................................................................. 3

    King Failed to Timely Serve Village Defendants.................................... 3

POINT II ............................................................................................................. 4

    The Majority of King's State Law Claims Are Untimely ......................... 4

POINT III ........................................................................................................... 6

    King Failed to Allege Several Theories of Liability in His Notice of
    Claim and is Barred From Pursuing Them Under General Municipal Law .......... 6

POINT IV............................................................................................................ 7

    King's Negligent Screening, Hiring, Retention, Training, Retraining, and
    Supervision Claims (Claims 4-5) Fail to State a Cause of Action ........................ 7

POINT V ............................................................................................................. 9

    King's New York State Constitutional Claim (Claim 6)
    Must Be Dismissed................................................................................... 9

POINT VI ......................................................................................................... 11

    King Fails to State a Malicious Prosecution Claim Under
    State and Federal Law ........................................................................... 11

POINT VII......................................................................................................... 14

    King's § 1983 Malicious Prosecution and Deprivation of Liberty Claim Under the
    Fifth and Fourteenth Amendments Must Be Dismissed...................................... 14

    A.  King's Fifth Amendment Claim Must Be Dismissed ...................................... 15

B.  King's Fourteenth Amendment Claim Must Be Dismissed ............................ 16

POINT VIII ................................................................................................................. 19

King's *Monell* Under § 1983 Must Be Dismissed ................................................. 19

A.  King Alleges No Official Custom or Policy ...................................................... 20

B.  *Monell* Liability Does Not Arise From a Single Incident ................................. 21

C.  King's Official Capacity Claim is Redundant and
Warrants Dismissal ........................................................................................ 22

POINT IX ................................................................................................................... 23

The Geneseo Police Department is Not Capable of Being Sued ....................... 23

POINT X .................................................................................................................... 23

Punitive Damages Are Not Available Against the Village .................................. 23

POINT XI ................................................................................................................... 23

The Village Defendants are Entitled to Governmental Immunity ....................... 23

CONCLUSION ........................................................................................................... 24

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Alcantara v. City of New York,*
    646 F.Supp.2d 449 (S.D.N.Y. 2009) ................................................... 11

*Alder v. Cnty. of Nassau,*
    113 F.Supp.2d 423 (E.D.N.Y. 2000) ................................................... 17

*Alexander v. Westbury Union Free Sch. Dist.,*
    829 F.Supp.2d 89 (E.D.N.Y. 2011) ................................................... 11

*Alwan v. City of New York,*
    311 F.Supp.3d 570 (E.D.N.Y. 2018) ................................................... 9

*Arbuckle v. City of New York,*
    2016 WL 5793741 (S.D.N.Y. 2016) ................................................... 14

*Ashcroft v. Iqbal,*
    566 U.S. 662 (2009) ................................................... 2, 16

*Bancroft v. City of Mount Vernon,*
    672 F.Supp.2d 391 (S.D.N.Y. 2009) ................................................... 24

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,*
    520 U.S. 397 (1997) ................................................... 20

*Bell Atlantic Corp. v. Twombly,*
    50 U.S. 544 (2007) ................................................... 2

*Bellissimo v. Mitchell,*
    122 A.D.3d 569 (2d Dept. 2014) ................................................... 5

*Bernstein v. City of New York,*
    2007 WL 1573910 (S.D.N.Y. 2007) ................................................... 12

*Biswas v. City of New York,*
    973 F.Supp.2d 504 (S.D.N.Y. 2013) ................................................... 10

*Bradley v. Rochester Police Dept.,*
    2019 WL 3067281 (W.D.N.Y. 2019) ................................................... 7

*Brown v. Cnty. of Westchester,*
    293 A.D.2d 748 (2d Dept. 2002) ................................................... 7

*Brownstein v. Walsh,*
    2010 WL 1930232 (E.D.N.Y. 2010) ...................................................................... 2

*Bryant v. City of New York,*
    2003 WL 22861926 (S.D.N.Y 2003) .................................................................... 18

*Bugman v. City of Tonawanda, New York,*
    2022 WL 4287761 (W.D.N.Y. 2022) .................................................................... 21

*Canete v. Metropolitan Transportation Auth.,*
    2018 WL 4538897 (S.D.N.Y. 2018) ...................................................................... 6

*Chambers v. Time Warner, Inc.,*
    292 F.3d 147 (2d Cir. 2002) ................................................................................. 2

*Chan v. City of New York,*
    2023 WL 2734681 (E.D.N.Y. 2023) ...................................................................... 9

*Chavez v. Martinez,*
    123 S.Ct. 1994 (2003) ........................................................................................ 15

*Chew v. Dietrich,*
    143 F.2d 24 (2d Cir. 1998) ................................................................................. 16

*Chimurenga v. City of New York,*
    45 F.Supp.2d 337 (S.D.N.Y. 1999) ..................................................................... 12

*City of Newport v. Facts Concerts,*
    453 U.S. 247 (1981) ........................................................................................... 23

*Collins v. City of Harker Heights, Tex.,*
    503 U.S. 115 (1992) ........................................................................................... 19

*Conway v. Vill. of Mount Kisco,*
    750 F.2d 205 (2d Cir. 1984) ............................................................................... 11

*Creighton v. City of New York,*
    2017 WL 636415 (S.D.N.Y. 2017) ...................................................................... 16

*Crew v. Town of Beekman,*
    105 A.D.3d 799 (2d Dept. 2013) .......................................................................... 6

*Cruz v. New York,*
    24 F.Supp.3d 299 (W.D.N.Y 2014) ...................................................................... 8

*Cunney v. Bd. of Trustees of Vill. of Grand View,*
   660 F.3d 612 (2d Cir. 2011) ........................................................................ 18

*D'Angelo v. City of Lockport,*
   2023 WL 6810274 (W.D.N.Y. 2023) ........................................................... 5

*Davis v. Lynbrook,*
   224 F.Supp.2d 463 (E.D.N.Y. 2002) ......................................................... 23

*Dellutri v. Vill. of Elmsford,*
   894 F.Supp.2d 555 (S.D.N.Y. 2012) .......................................................... 18

*Dininny v. Trentanelli,*
   2010 WL 5343180 (W.D.N.Y. 2010) .......................................................... 23

*Dollard v. City of New York,*
   408 F.Supp.3d 231 (E.D.N.Y. 2019) ............................................................ 9

*Espada v. Schneider,*
   522 F.Supp.2d 544 (S.D.N.Y. 2007) .......................................................... 12

*Faruki v. City of New York,*
   517 F.App'x 1 (2d Cir. 2013) ..................................................................... 14

*Fifield v. Eaton,*
   669 F.Supp.2d 294 (W.D.N.Y. 2009) ......................................................... 15

*Fox v. Cnty. of Yates,*
   2010 WL 4616665 (W.D.N.Y. 2010) .......................................................... 11

*Galloway v. Town of Greece,*
   732 F.Supp.2d 195 (W.D.N.Y. 2010) ......................................................... 22

*Goodson v. Isch,*
   2018 WL 6313466 (W.D.N.Y. 2018) .......................................................... 23

*Hardy v. New York City Health & Hosp. Corp.,*
   164 F.3d 789 (2d Cir. 1999) ......................................................................... 6

*Harlow v. Fitzgerald,*
   457 U.S. 800 (1982) ................................................................................... 13

*Hynes v. Squillace,*
   143 F.3d 653 (2d Cir. 1998) ....................................................................... 18

*Iqbal v. Hasty,*
  490 F.2d 143 (2d Cir. 2007) ............................................................... 13

*Jackson ex rel. Jackson v. Suffolk Cnty.,*
  2015 WL 728249 (E.D.N.Y. 2015) ..................................................... 17

*Johnson v. Astrue,*
  2009 WL 1650414 (W.D.N.Y. 2009) .................................................... 2

*Johnson v. City of Newburgh,*
  2023 WL 5585139 (S.D.N.Y. 2023) ................................................... 10

*Joyner v. Cnty. of Cayuga,*
  2020 WL 1904088 (N.D.N.Y. 2020) ..................................................... 9

*Kearse v. Kulikowski,*
  2019 WL 3252916 (W.D.N.Y. 2019) ................................................... 23

*Kentucky v. Graham,*
  473 U.S. 159 (1985) ............................................................................ 22

*Lacey v. Yates Cnty.,*
  30 F.Supp.3d 213 (W.D.N.Y. 2014) .................................................... 17

*Lawton v. Town of Orchard Park,*
  2017 WL 3582473 (W.D.N.Y. 2017) ............................................ 21, 22

*Lederman v. Benepe,*
  2016 WL 11588628 (S.D.N.Y. 2016) .................................................. 11

*Locurto v. Safir,*
  264 F.3d 154 (2d Cir. 2001) ............................................................... 19

*Lombardi v. Whitman,*
  485 F.3d 73 (2d Cir. 2007) ........................................................... 18, 19

*Lopez v. City of New York,*
  901 F.Supp. 685 (S.D.N.Y 1995) ....................................................... 17

*Lowiance v. Achtly,*
  20 F.3d 529 (2d Cir. 1994) ................................................................. 18

*Manganiello v. City of New York,*
  612 F.3d 149 (2d Cir. 2010) ............................................................... 12

*Matthews v. Eldridge,*
    424 U.S. 319 (1976) ........................................................................ 17

*McCardle v. Haddad,*
    131 F.3d 43 (2d Cir. 1997) ............................................................. 13

*McChesney v. Hogan,*
    2010 WL 1037957 (N.D.N.Y. 2010).............................................. 15

*McKeever v. Singas,*
    2022 WL 4095558 (E.D.N.Y. 2022) ............................................... 5

*McLean v. City of New York,*
    12 N.Y.3d 194 (2009) .................................................................... 24

*McNaughton v. Cnty. of Chautauqua,*
    2017 WL 4518173 (W.D.N.Y. 2017) .............................................. 6

*McQueen v. City of New York,*
    209 A.D.3d 469 (1st Dept. 2022)..................................................... 4

*Merrow v. Ashley,*
    2019 WL 2542919 (W.D.N.Y. 2019) ............................................ 20

*Moore v. Melesky,*
    14 A.D.3d 757 (3d Dept. 2005)...................................................... 24

*Nat'l Fuel Gas Supply Corp v. Town of Wales,*
    2012 WL 5288748 (W.D.N.Y. 2012) ............................................ 16

*Newton v. City of New York,*
    681 F.Supp.2d 473 (S.D.N.Y. 2010)............................................ 7, 8

*Nieves v. City of Rochester,*
    2011 WL 867605 (W.D.N.Y. 2011) ................................................ 7

*Nolan v. Cnty. of Erie,*
    2020 WL 1969329 (W.D.N.Y. 2020) ............................................ 21

*O'Callaghan v. City of New York,*
    2016 WL 7177509 (S.D.N.Y. 2016) ................................................ 9

*O'Dell v. Cnty. of Livingston,*
    174 A.D.3d 1307 (4th Dept. 2019) .................................................. 6

*Ortiz v. Orleans Cnty.*,
  2022 WL 1242486 (W.D.N.Y. 2022) .................................................... 20, 21

*Pandolfo v. U.A. Cable Systems of Watertown*,
  171 A.D.2d 1013 (4th Dept. 1991) ........................................................ 9

*Peterec v. Hilliard*,
  2013 WL 5178328 (S.D.N.Y. 2013) ...................................................... 8

*Peterec v. State*,
  124 A.D.3d 858 (2d Dept. 2015) .......................................................... 9

*Prezioso v. Cnty. of Niagara*,
  213 A.D.3d 1302 (4th Dept. 2023) ........................................................ 7

*Pryor v. Guzman*,
  2018 WL 4538905 (S.D.N.Y. 2018) ...................................................... 14

*Reese v. Vill. of Great Neck Plaza*,
  154 A.D.3d 683 (2d Dept. 1989) .......................................................... 3

*Remley v. State*,
  174 Misc.2d 523 (Sup. Ct. 1997) ......................................................... 10

*Riccio v. New York*,
  859 F.Supp.2d 480 (E.D.N.Y. 2012) .................................................... 11

*Rohman v. New York City Transit Auth.*,
  215 F.3d 203 (2d Cir. 2000) ............................................................... 11

*Ryan v. Vill. of Lindenhurst, Inc.*,
  151 A.D.3d 898 (2d Dept. 2017) .......................................................... 3

*Sandstrom v. New York, et al.*,
  2020 WL 3949344 (W.D.N.Y. 2020) ................................................... 5, 21

*Sant v. Stephens*,
  2019 WL 5965247 (S.D.N.Y. 2019) ...................................................... 5

*Santos v. Barber*,
  2017 WL 6409152 (W.D.N.Y. 2017) .................................................... 10

*Schaeffer v. Vill. of Ossining*,
  58 F.3d 48 (2d Cir. 1995) ................................................................... 3

*Southerland v. City of New York,*
    680 F.2d 127 (2d Cir. 2012) ................................................................ 16

*Strong v. Watson*,
    2023 WL 8439445 (W.D.N.Y. 2023) ................................................... 16

*Tango v. Tulevech,*
    61 N.Y.2d 34 (1983) ............................................................................ 24

*Thomas v. City of New York,*
    2015 WL 9412543 (E.D.N.Y. 2015) .................................................... 22

*United States v. Chiochvili,*
    81 F.Supp.2d 393 (N.D.N.Y. 1999) ..................................................... 15

*United Steel, Paper and Forestry, Rubber, Mfg., Energy,*
    *Allied Indus. & Serv. Workers Local 4-5025 v.*
    *E.I. DuPont DeNemours & Co.,*
    2008 WL 728372 (W.D.N.Y. 2008) ....................................................... 2

*U.S. v. Erie Cnty.,*
    724 F.Supp.2d 357 (W.D.N.Y. 2010) ................................................... 20

*Ware v. City of Buffalo,*
    186 F.Supp.2d 324 (W.D.N.Y. 2001) ................................................... 17

*Wetzel v. Town Board of Orangetown,*
    2010 WL 1487530 (S.D.N.Y. 2010) .............................................. 18, 19

*Williams v. City of New York,*
    2003 WL 22434151 (S.D.N.Y. 2003) ................................................. 12

*Williams v. CVS Pharmacy, Inc.,*
    126 A.D.3d 890 (2d Dept. 2015) ............................................................ 4

*Williams v. Stephens,*
    2019 WL 4511617 (S.D.N.Y. 2019) ................................................... 11

*Willet v. City of Buffalo,*
    2016 WL 7974154 (W.D.N.Y. 2016) ................................................... 21

*Worrell v. City of New York,*
    2014 WL 1224257 (E.D.N.Y. 2014) .................................................... 22

*Zahra v. Town of Southold,*
    48 F.3d 674 (2d Cir. 1995) .................................................................. 21

*Zuk v. Onondaga Cnty.,*
    2010 WL 3909524 (N.D.N.Y. 2010) .................................................................. 22

**STATUTES**                                                                                    **PAGE**

CPLR § 215(3) ...................................................................................................... 5

CPLR § 308 ........................................................................................................... 4

CPLR § 311 ........................................................................................................... 3

Fed. R. Civ. P. 4(e) .............................................................................................. 3

N.Y. General Municipal Law § 50-e ................................................................... 6

N.Y. General Municipal Law § 50-i(c) ............................................................... 5

Rule 8(a)(2) ........................................................................................................ 16

Rule 12(c) ....................................................................................................... 1, 2, 24

Section 1983 ............................................................................................... *in passim*

♠

## PRELIMINARY STATEMENT

The Village of Geneseo, Geneseo Police Department, and Officer Travis Lana (collectively the "Village Defendants") submit this Rule 12(c) motion to dismiss.  Plaintiff Jamahl King ("King") asserts state law claims of false arrest and imprisonment (Claim 1), malicious prosecution (Claim 2), assault and battery (Claim 3), negligent screening, hiring, and retention (Claim 4), negligent training, retraining, and supervision (Claim 5), New York State Constitution violation of due process against the Village of Geneseo ("Village") under *respondeat superior* (Claim 6).  He further asserts § 1983 claim of malicious prosecution and deprivation of liberty under the Fourth, Fifth, and Fourteenth Amendments (Claim 7).  Dismissal is required.  At the outset, King failed to secure jurisdiction over any of the Village Defendants; they were never properly served.  Most of the state law claims are untimely.  King further failed to adhere to the General Municipal Law requirements, and the claims otherwise fail to state a cause of action.  Similarly, King failed to allege a cognizable claim under § 1983.  The allegations are nothing more than conclusory assertions.  The Geneseo Police Department is not an entity capable of being sued.  As discussed below, the Village Defendants' motion should be granted in its entirety.

## KING'S ALLEGATIONS

For purposes of this motion only, the Village Defendants assume King's threadbare allegations are true.  King alleges that he was arrested on May 1, 2022, at his place of employment by Officer Lana and unknown officers.  (Dkt. 2, ¶ 12).  King was charged with grand larceny in the fourth degree.  (Dkt. 2, ¶ 16).  King believes the police did not conduct a proper investigation prior to his arrest. (Dkt. 2, ¶ 45).  As a result, King claims that he

was unlawfully arrested, battered, and assaulted by Officer Lana while being handcuffed. (Dkt. 2, ¶¶ 17, 40).   The criminal charges were later presented to a Livingston County Grand Jury on August 31, 2022, and finding of dismissal was entered on September 1, 2022. (Dkt. 2, ¶ 12).

## THE RULE 12(C) STANDARD WARRANTS DISMISSAL

Judge Skretny has noted that "Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b)."  *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Local 4-5025 v. E.I. DuPont DeNemours & Co.*, 2008 WL 728372, at *3 (W.D.N.Y. 2008).   This "Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint 'relies heavily' and which are, thus, rendered 'integral' to the complaint."  *Brownstein v. Walsh*, 2010 WL 1930232, at *3 (E.D.N.Y. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

Moreover, like any motion to dismiss, King must allege a claim that rises "above the speculative level" and may not rely on "naked assertions devoid of further factual enhancement."  *Id*. at *2 (quoting *Bell Atlantic Corp v. Twombly*, 50 U.S. 544, 547 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   Accordingly, "[j]udgment on the pleadings is appropriate if it is apparent from the pleadings that the party is entitled to judgment as a matter of law."  *Johnson v. Astrue*, 2009 WL 1650415, at *2 (W.D.N.Y. 2009).

## ARGUMENT

### POINT I

### King Failed to Timely Serve Village Defendants

Properly serving a summons and complaint is a prerequisite to the Court's exercise of personal jurisdiction.  King's failure to properly serve the Village Defendants requires his Complaint be dismissed.  Rule 4(j) of the Federal Rules of Civil Procedure requires a municipality be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by state law.  Pursuant to CPLR § 311, in an action or proceeding against a village, the summons must be served upon the mayor, clerk, or any trustee.  Service on any other individual is improper.  *See Schaeffer v. Village of Ossining*, 58 F.3d 48, 49 (2d Cir. 1995) (under New York law, service on subordinate village employee did not satisfy New York requirements for service of process on village); *Ryan v. Village of Lindenhurst  Inc.*, 151 A.D.3d 898, 899 (2d Dept. 2017) (Plaintiff failed to properly serve a village by delivering the summons to the village's purchasing agent, who was not the mayor, clerk, or trustee authorized to accept service); *Reese v. Village of Great Neck Plaza*, 154 A.D.2d 683, (2d Dept. 1989) (Service upon receptionist at village office, with instructions that papers were to be delivered to village attorney, did not constitute proper service).

Moreover, to properly serve an individual, the summons and complaint must be delivered to the individual personally or by leaving the summons and complaint at the individual's dwelling or delivering it to an agent authorized by appointment or law to receive service of process.  Fed. R. Civ. P. 4(e).  Alternatively, under state law, the service may be made by serving someone of suitable age and discretion at the defendant's actual

place of business and mailing a copy of the summons to the defendant's last known residence or actual place of business.  CPLR § 308.

Here, there is no personal jurisdiction over the Village Defendants.  As evidenced by the Affidavits of Service, service was never properly effectuated.  (Declaration of Shannon B. Vandermeer, dated April 17, 2024 ("Vandermeer Dec."), Exs. B-E; Dkts. 5-8).  King served Lauraine Montemarano with a summons for the Village.  (Dkt. 7).  However, Ms. Montemarano is not the clerk, mayor, or trustee.[1]  Similarly, service on Officer Goulet for the Village Police Department is not proper.[2]  Officer Lana was also not properly served.  As evidenced by the Affidavit of Service, the summons was served on Officer Goulet at the Village Police Department, but King never completed service on Officer Lana—the summons was never mailed to his employment or residence.  (Vandermeer Dec., Ex. D; Dkt. 6).  Accordingly, King has failed to satisfy the service requirements under federal and state law, requiring dismissal of this matter.

**POINT II**

**The Majority of King's State Law Claims Are Untimely**

Except for arguably King's malicious prosecution claim, King's state law claims (Claim 1, 3-6) are untimely.  *See McQueen v. City of New York*, 209 A.D.3d 469, 470 (1st Dept. 2022) (negligent training, hiring, and supervision claims accrued on the date of arrest); *Williams v. CVS Pharmacy, Inc.*, 126 A.D.3d 890, 891 (2d Dept. 2015) (assault

---

[1]The Mayor, Trustees, and Clerk are listed on the Village's website, https://geneseony.org/village/board.asp.  Ms. Montemarano is not listed for any of these positions.

[2] As discussed in Point IX, the Geneseo Police Department is not an entity capable of being sued.  In essence, the only entity being sued is the Village, requiring the clerk, mayor, or trustee to be served.

and battery claims accrued on the date the alleged assault and battery occurred); *Bellissimo v. Mitchell*, 122 A.D.3d 569 (2d Dept. 2014) (false arrest and imprisonment claim accrued on the date plaintiff is released from confinement); *see also Sant v. Stephens*, 2019 WL 5965247, at *5 (S.D.N.Y. 2019) (due process claim accrued when issued appearance ticket).  King's intentional tort claims against Officer Lana are subject to a one-year statute of limitations.[3]   CPLR § 215(3); *McKeever v. Singas*. 2022 WL 4095558, at *11 n. 10 (E.D.N.Y. 2022). King's state law claims against the Village are barred by a one-year and 90-day statute of limitations. *See* N.Y. General Municipal Law § 50-i(1)(c); *Sandstrom v. New York, et. al.*, 2020 WL 3949344, at *9 (W.D.N.Y. 2020), *R&R adopted*, 2020 WL 1861710 (W.D.N.Y. 2010).

       Applied here, King alleges that he was arrested and imprisoned on May 1, 2022. (Dkt. 2, ¶¶ 16-17).  On that same day, he alleges he was assaulted and battered.  (Dkt. 2, ¶ 49).  He further alleges that the Village was negligent in its hiring, retention, training, and supervision because the Village police officers allegedly failed to conduct a proper investigation prior to his arrest on May 1, 2022.  (Dkt. 2, ¶¶ 46-47, 50).  Thus, the last possible date King could have timely commenced a lawsuit for his state law claims of false arrest/imprisonment (Claim 1), assault/battery (Claim 3), negligent screening, hiring, retention (Claim 4), negligent training, retraining, supervision (Claim 5), and violation of due process under New York State Constitution (Claim 6) was on July 30, 2023—one

_____

[3] The Village Defendants recognize that Judge Vilardo recently declined to apply the one-year statute of limitations to intentional tort claims against a municipal employee, opting to apply the one-year and ninety days statute of limitation.  *D'Angelo v. City of Lockport*, 2023 WL 6810274 (W.D.N.Y. 2023).  While the Village Defendants disagree with the decision, the Court need not address this issue given King's claims remain untimely under the longer statute of limitations contained in General Municipal Law § 50-i(1)(c).

year and ninety days after May 1, 2022.[4]  However, King's Complaint was not filed until September 15, 2023, which was well beyond the expiration of the statute of limitations for the relevant state law claims against Officer Lana and the Village.

## POINT III

### King Failed to Allege Several Theories of Liability in His Notice of Claim and is Barred From Pursuing Them Under General Municipal Law

It is well established that "[n]otice of claim requirements are strictly construed by New York State Courts.  Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action."  *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999).  General Municipal Law § 50-e requires that a notice of claim identify the nature of the claim.  *McNaughton v. Cnty. of Chautauqua*, 2017 WL 4518173, at *3 (W.D.N.Y. 2017) (Plaintiff could not proceed with his malpractice and negligence claims when not listed in the notice of claim).  Theories of liability not listed within a notice of claim can neither be asserted nor prosecuted.  *McNaughton*, 2017 WL 4518173, at *3 (Plaintiff could not proceed malpractice and negligence claims when not listed in the notice of claim); *see O'Dell v. Cnty. of Livingston*, 174 A.D.3d 1307, 1308-1309 (4th Dept. 2019) (same) (citing *Crew v. Town of Beekman*, 105 A.D.3d 799, 800-801 (2d Dept. 2013)).  What satisfies General Municipal Law is not general knowledge that a wrong was committed, instead the municipality must have notice of the specific claim.  *Canete v. Metropolitan Transportation Auth.*, 2018 WL 4538897, at *9 (S.D.N.Y. 2018) ("The fact that these alleged causes of action arose out of the same incident is not

---

[4]  King's negligent screening, hiring, retention, training, and supervision claims presumably expired earlier because they are premised on an allegedly inadequate investigation that occurred prior to the arrest.

pivotal; rather, the nature of the claim and the theory of liability are determinative."); *Brown v. Cnty. of Westchester*, 293 A.D.2d 748, 749 (2d Dept. 2002).

King's Notice of Claim says nothing about malicious prosecution, assault, battery, negligent hiring, screening, training, supervision, and retention, or violation of due process under the New York State Constitution. (Vandermeer Dec., Ex. A).  Instead, the focus of King's Notice of Claim is his arrest, and the Village Defendants purportedly conducting a negligent investigation (which is not even a recognized claim).  *See Prezioso v. Cnty. of Niagara*, 213 A.D.3d 1302, 1306 (4th Dept. 2023) ("A cause of action for negligent investigation is not recognized in New York.") (internal citations omitted).  No cause of action beyond what is set forth therein can be asserted here.  Thus, King's claims numbered 2-6 should be dismissed for his failure to comply with General Municipal Law.

## POINT IV

### King's Negligent Screening, Hiring, Retention, Training, Retraining, and Supervision Claims (Claims 4-5) Fail to State a Cause of Action

It is well-settled that claims alleging negligent hiring, training, retention, supervision, and screening will be dismissed when the alleged acts by the employee were within the scope of employment.  *Bradley v. Rochester Police Dept.*, 2019 WL 3067281, at *1 (W.D.N.Y. 2019); *see Nieves v. City of Rochester*, 2011 WL 867605, at *4 (W.D.N.Y. 2011) (dismissing common law claims for negligent hiring, training, supervision and retention because plaintiff alleged no facts concerning actions committed "outside of their normal duties [but] merely allege[d] that they performed those duties negligently").  Under New York law, "a claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of her employment."  *Newton v. City*

*of New York*, 681 F. Supp. 2d 473, 488, 494-495 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).

King's allegations are based solely on Officer Lana's conduct when effectuating an arrest.  King clearly alleges that Officer Lana was acting in his capacity as a police officer when he arrested King.  (Dkt. 2, ¶ 4) ("At all relevant times, Defendant, Travis Lana is and/or was employed as a police officer by the Village of Geneseo. And was acting for, upon, and in the course of and in furtherance of the business of his employers, Village of Geneseo Police Department and within the scope of his employment.").  This admission is <u>fatal</u> to King's claims for negligent screening, hiring, retention, training, retraining, and supervision.  There can be no dispute that the allegations stem from Officer Lana's duties as police personnel.  Indeed, there is not a single allegation that Officer Lana acted outside the scope of his normal duties.

Even if King alleged that Officer Lana acted outside the scope of his employment, King's claims are still subject to dismissal because he failed to allege any facts plausibly showing that the Village knew of Officer Lana's purported "propensity to take the alleged actions causing the injury or should have known the same had its hiring procedures been adequate."  *Peterec v. Hilliard*, 2013 WL 5178328, at *13 (S.D.N.Y. 2013).   King's allegations are entirely conclusory and devoid of any facts that suggest the Village knew or should have known that Officer Lana had an alleged propensity to take the alleged actions at issue or that the Village's hiring and training procedures were allegedly inadequate.  *Cruz v. New York*, 24 F. Supp. 3d 299, 311-312 (W.D.N.Y. 2014).  Thus, King's negligent screening, hiring, retention, training, retraining and supervision claims (Claims 4, 5) should be dismissed.

To the extent the Court construes King's allegations comprising his negligent screening, hiring, retention, training, retraining and supervision claims as actually alleging a negligent investigation claim, this claim also fails. It is well-established that there is no recognized "negligent investigation" claim. *O'Callaghan v. City of New York*, 2016 WL 7177509, at *2 (S.D.N.Y. 2016) (a claim sounding in negligent police investigation was not viable in New York); *see also Pandolfo v. U.A. Cable Systems of Watertown*, 171 A.D.2d 1013, 1014 (4th Dept. 1991) (same); *Peterec v. State*, 124 A.D.3d 858, 859 (2d Dept. 2015) (same). Moreover, it is equally well-established that a negligence claim, like a negligent investigation, cannot exist when it is premised on an arrest or intentional conduct. *Joyner v. Cnty. of Cayuga*, 2020 WL 1904088, at *10 (N.D.N.Y. 2020) ("[A] plaintiff seeking damages for an injury resulting from a wrongful arrest and detention may not recover under broad general principles of negligence") (internal citations omitted); *Dollard v. City of New York*, 408 F. Supp. 3d 231, 238-239 (E.D.N.Y. 2019) ("New York does not, as a matter of public policy, recognize a claim for negligence arising out of an arrest or prosecution").

**POINT V**

**King's New York State Constitutional Claim (Claim 6) Must Be Dismissed**

Dismissal is required for King's claim against the Village for *respondeat superior* under the New York State Constitution. "New York courts have held that a private right of action for violations of the state constitution is unavailable if an alternative remedy is available elsewhere, such as under state tort law or through New York Civil Practice Law and Rules Article 78 action." *Chan v. City of New York*, 2023 WL 2734681, at *9 (E.D.N.Y. 2023) (quoting *Alwan v. City of New York*, 311 F. Supp. 3d 570, 586 (E.D.N.Y. 2018));

*see Remley v. State,* 174 Misc. 2d 523, 526 (Sup. Ct. 1997) (dismissing plaintiff's state law constitutional claims that were substantially the same as his constitutional claims). Specifically, "[a]ctions for damages at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state constitution." *Johnson v. City of Newburgh,* 2023 WL 5585139, at *9 (S.D.N.Y. 2023), *rearg den. sub nom.,* 2023 WL 5836683 (S.D.N.Y. 2023) (citing *Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013)); *Santos v. Barber,* 2017 WL 6409152, at *4 (W.D.N.Y. 2017) ("If the common-law remedy vindicates the right protected by the constitutional provision, the need for implying a damage remedy does not exist.") (internal citations omitted).   In other words, when "plaintiff is not without a remedy with respect to [his] injuries … [his] state constitutional tort claim is redundant and precluded." *Id*.

Here, Plaintiff's claim under the New York State Constitution is entirely duplicative of his state law claims.  His own allegations acknowledge the redundancy when he states, "the conduct of Defendant police officers described above also violated Mr. King's rights under the New York State Constitution."  (Dkt. 2, ¶ 56).  Plaintiff already alleges state law claims of false arrest/ imprisonment, malicious prosecution, assault/battery against the Defendants.  All of which provide adequate remedies rendering his state constitution claim unnecessary.  While it is anticipated that Plaintiff may argue that his *respondeat superior* claim under the New York State Constitution should be considered separate and distinct from his other state law claims, any such argument should be rejected.  "It is well-established, however, that *respondeat superior* 'is not a cause of action at all, but a theory of liability that must attach to a separate claim.'"  *Lederman v. Benepe,* 2016 WL

11588628, at *5 (S.D.N.Y. 2016) (quoting *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 110 n.6 (E.D.N.Y. 2011)).  In other words, King's sixth cause of action for *respondeat superior* is unnecessary as it is already attached to his state law claims of false arrest/imprisonment, malicious prosecution, assault/battery given King alleges that "[a]t all relevant times, the Defendant, Village of Geneseo Police Department assumed, and still assumes responsibility and liability for the actions and/or omissions of the Defendant Police Officer Travis Lana."  (Dkt. 2, ¶ 5).  Therefore, dismissal is required.[5]

### POINT VI

### King Fails to State a Malicious Prosecution Claim Under State and Federal Law

Under both New York law and federal law, to allege a claim for malicious prosecution, King must set forth factual allegations "that the defendant (1) initiated a prosecution against the plaintiff, (2) without probable cause, (3) acted with malice, and that (4) the prosecution terminated in plaintiff's favor."  *Fox v. Cnty. of Yates*, 2010 WL 4616665, at *8 (W.D.N.Y. 2010) (citing *Rohman v. New York City Transit Auth.*, 215 F.3d 203, 215 (2d Cir. 2000)); *see Riccio v. New York*, 859 F. Supp. 2d 480, 486 (E.D.N.Y. 2012) (citing *Conway v. Vill. of Mount Kisco,* 750 F.2d 205, 214 (2d Cir. 1984)).[6] Additionally, King must establish that the defendant was personally involved in the prosecution.  *Williams v. Stephens*, 2019 WL 4511617, at *4 (S.D.N.Y. 2019) (Personal involvement requirement applies to federal and state law claims); *Alcantara v. City of New York*, 646 F. Supp. 2d 449, 457-458 (S.D.N.Y. 2009) ("[T]o establish a claim for malicious

---

[5] In any event, King's allegations are entirely conclusory and do not set forth a cognizable due process claim.

[6] Under a § 1983 claim, King must also allege that "there was a 'sufficient post-arraignment liberty restraint to implicate [his] Fourth Amendment Rights.'"  *Fox*, 2010 WL 4616665, at *8.

prosecution, the plaintiff must first show that the defendant initiated or continued the criminal proceeding that allegedly violated the plaintiff's constitutional rights").

When alleging a malicious prosecution claim against a police officer, plaintiff must establish that the officer played an active role in prosecution.  *See Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010).  Typically, "once a criminal Defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the Officer's responsibility for the prosecution."  *Williams v. City of New York*, 2003 WL 22434151, at *6 (S.D.N.Y. 2003); *see Bernstein v. City of New York*, 2007 WL 1573910, at *6 (S.D.N.Y. 2007) ("the District Attorney's 'intervening' decision to pursue a criminal charge against Plaintiff broke the chain of causation between the alleged unlawful arrest and Plaintiff's subsequent prosecution").   It is presumed that a "prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding." *Espada v Schneider*, 522 F. Supp. 2d 544, 553 (S.D.N.Y. 2007).  Stated another way, a police officer cannot be considered personally involved for a malicious prosecution claim if there is an intervening exercise of judgment by a third-party.  The only exception, which is not present here, is if it is alleged that the arresting officer provided false information to influence the decision to prosecute.  *Chimurenga v. City of New York*, 45 F. Supp. 2d 337, 343 (S.D.N.Y. 1999); *see Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (finding "the defendant played an active role in the prosecution, such as giving advice and importuning the authorities to act.").

Here, the malicious prosecution claims should be dismissed based on Officer Lana's lack of personal involvement.  King alleges that Officer Lana's involvement merely

consisted of arresting and charging him with grand larceny in the fourth degree.  (Dkt. 2, ¶ 16).  Such acts are insufficient for personal involvement to support a malicious prosecution claim.  There is no allegation that Officer Lana played an active role in his prosecution after his arrest.  King's allegation that the charges were submitted to a grand jury further establishes that the chain of causation was broken by an independent decisionmaker, thereby abolishing Officer Lana's involvement.  There are no allegations that Officer Lana played any active role in the prosecution such that an exception applies.  King does not allege that Officer Lana gave any type of advice, encouraged the District Attorney to act, nor does he allege that Officer Lana fabricated evidence or gave false information to the District Attorney.  Accordingly, King's malicious prosecution claim should be dismissed because the Village Defendants were not sufficiently involved in the prosecution.[7]

Finally, King's § 1983 malicious prosecution claim fails because he has not alleged that he suffered the requisite deprivation of a liberty interest sufficient to support a constitutional violation.  King only alleges that he presented to the Grand Jury on August 31, 2022 and a finding of dismissal was filed on September 1, 2022.  (Dkt. 2, ¶ 13).  King does not allege any facts sufficient to establish that the proceedings against him "r[o]se to the level of a loss of liberty implicating his Fourth Amendment Rights. . . Plaintiff does not allege that he was required to pay bail, that he was held while awaiting trial, or that

---

[7] Alternatively, Officer Lana is entitled to qualified immunity because no reasonable officer would have believed that his minimal involvement amounted to personal involvement in the prosecution.  *See Iqbal v. Hasty*, 490 F.3d 143, 153 (2d Cir. 2007), *rev'd on other grounds*, 129 S. Ct. 1937 (2009) (lack of personal involvement goes to the question of qualified immunity); *see also McCardle v. Haddad*, 131 F.3d 43, 50 (2d Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

any restrictions were placed on his right to travel during the proceedings. *Pryor v. Guzman*, 2018 WL 4538905, at \*4 (S.D.N.Y. 2018) (citing multiple cases including *Faruki v. City of New York,* 517 F. App'x 1, 1 (2d Cir. 2013) (summary order) (finding that proceedings against plaintiff placed no restriction on her other than a requirement that she appear in court on two occasions, which was "an insufficient deprivation of liberty to support a Fourth Amendment malicious prosecution claim"); *Arbuckle v. City of New York*, 2016 WL 5793741, at \*10 (S.D.N.Y. 2016) (dismissing malicious prosecution claim because plaintiff alleged only "that he was required to make at least three court appearances after his arraignment" and "the requirement to attend court hearings, including for trial, does not automatically equate to a post-arraignment deprivation of liberty").  Like in *Pryor v. Guzman*, where the Court concluded the "paucity of Plaintiff's allegations is reason enough to dismiss Plaintiff's malicious prosecution claim," the Court should do the same here.  *Id*. (citations omitted).

## POINT VII

### King's § 1983 Malicious Prosecution and Deprivation of Liberty Claim Under the Fifth and Fourteenth Amendments Must Be Dismissed

As described below, to the extent King alleges his rights were violated under the Fifth and Fourteenth Amendments, any such claim premised on these amendments must be dismissed.  It is entirely duplicative of his malicious prosecution claim under the Fourth Amendment.  In any event, King does not adequately plead any legally cognizable claim.[8]

---

[8]Alternatively, Officer Lana would be entitled to qualified immunity because no reasonable officer would have been on notice that the actions at issued constituted a constitutional violation under the Fifth or Fourteenth Amendments.

**A. King's Fifth Amendment Claim Must Be Dismissed.**

King cites the Fifth Amendment in his seventh claim for relief, but it is not clear which provision of that Amendment the Village Defendants allegedly violated. The Fifth Amendment protects against self-incrimination.[9]  *See United States v. Chiochvili*, 81 F. Supp. 2d 393, 394-395 (N.D.N.Y. 1999) ("Pursuant to the Fifth Amendment privilege against self-incrimination it is well established and well known that a person taken into custody by law enforcement officials must be advised of her rights, including, among others, the right to remain silent").  However, the Fifth Amendment is <u>not</u> <u>implicated</u> when no incriminating statements are made by the plaintiff, and the defendant never used or sought to use a self-incriminating statement in a criminal proceeding.  *Fifield v. Eaton*, 669 F. Supp. 2d 294, 298 (W.D.N.Y. 2009) ("Plaintiff concedes that he did not make any incriminating statements and does not allege that the defendant ever used, sought to use, or could have used any incriminating statement against him in a criminal proceeding"); *see also McChesney v. Hogan*, 2010 WL 1037957, at *1 (N.D.N.Y. 2010) (quoting *Chavez v. Martinez,* 123 S. Ct. 1994 (2003)) ("[M]ere coercion does not violate the text of the Self–Incrimination Clause absent use of the compelled statements in a criminal case against the witness.").

Here, King's vague references that his Fifth Amendment rights were violated are meritless.  There is no allegation that King made any type of incriminating statement, let alone one that was used in a criminal proceeding.  To the extent, King's reference to the

---

[9] The Fifth Amendment also protects against three other categories: right to grand juries in most criminal cases; prohibition on double jeopardy; and "just compensation" for federal government takings of private property. None of these categories are relevant to Plaintiff's Complaint, and therefore, do not need to be addressed.

Fifth Amendment relates to a due process claim, any such claim must be dismissed as discussed below because the analysis is "basically the same" as the analysis under the Fourteenth Amendment.  *Chew v. Dietrich*, 143 F.3d 24, 28 n. 4 (2d Cir. 1998).

### B.  King's Fourteenth Amendment Claim Must Be Dismissed.

At the outset, King's allegations relating to any Fourteenth Amendment claim fail to satisfy Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  King states (at best) merely conclusory statements, which are insufficient to withstand dismissal.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In any event, it is apparent that this claim must be dismissed because it is duplicative of his § 1983 claim for malicious prosecution under the Fourth Amendment. *Nat'l Fuel Gas Supply Corp. v. Town of Wales*, 2012 WL 5288748 (W.D.N.Y. 2012) (quoting *Southerland v. City of New York*, 680 F.3d 127, 142–43 (2d Cir. 2012)) ("Where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process.").  "[W]here a due process claim is based on the same conduct that gave rise to [a] plaintiff's false arrest and malicious prosecution claims, the due process claim should be dismissed as both duplicative and merit[ ]less."  *Creighton v. City of New York*, 2017 WL 636415, at *42 (S.D.N.Y. 2017). King's federal claim is based entirely upon his arrest and prosecution, which must yield to the Fourth Amendment. *Strong v. Watson*, 2023 WL 8439445, at *11 (W.D.N.Y. 2023). "Because the Fourth Amendment provides the source for a claim under Section 1983

premised upon an allegedly false arrest, false imprisonment, or malicious prosecution, plaintiffs cannot state a substantive due process claim against defendants based on such conduct." *Jackson ex rel. Jackson v. Suffolk Cnty.*, 2015 WL 728249, at \*7 (E.D.N.Y. 2015); *see Lopez v. City of New York*, 901 F. Supp. 684, 691 (S.D.N.Y. 1995) (dismissing substantive due process claim based on arrest, purportedly resulting from false information from another officer, because plaintiffs "have ample remedies" under § 1983 and state law respect to "grievances [that] relate to the allegedly improper arrests and prosecutions").  Accordingly, King's Fourteenth Amendment claim must be dismissed as duplicative.  *Lacey v. Yates Cnty.,* 30 F. Supp. 3d 213, 228 (W.D.N.Y. 2014) ("Plaintiff's claims arise out of his alleged false arrest and prosecution. It is the Fourth Amendment and not the Fourteenth Amendment that provides the source of any § 1983 claim. The third cause of action is therefore dismissed in its entirety.").

Even if the Court considers King's bare assertions under the Fourteenth Amendment, "to state a due process violation -- procedural or substantive -- Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest."  *Adler v. Cnty. of Nassau*, 113 F. Supp. 2d 423, 428 (E.D.N.Y. 2000); *see also Ware v. City of Buffalo*, 186 F. Supp. 2d 324, 332 (W.D.N.Y. 2001) ("Any claim predicated on a violation of due process must involve the invasion and deprivation of a recognized life, liberty, or property interest"). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319 (1976).

Here, King admits that the charges were presented to a grand jury, and a finding of dismissal was made.  By his own allegations, King acknowledges that he received all

the due process to which he is entitled.[10]  *Wetzel v. Town Board of Orangetown*, 2010 WL 1487530, at *2 (S.D.N.Y. 2010) (granting motion to dismiss procedural and substantive due process claims where "Plaintiff has received all the procedural due process to which she is entitled prior to the imposition of the penalty – notice of the charges and an opportunity to be heard concerning them") (citing *Locurto v. Safir*, 264 F.3d 154, 173-74 (2d Cir. 2001)); *see generally People v. Sielaff*, 178 A.D.2d 170, 171 (1st Dept. 1991) (holding that dismissal of indictment cures defect in grand jury proceeding).

Additionally, "[a] substantive due process claim has two elements: (1) identification of the constitutional right at stake, and (2) consideration of whether the stated action was arbitrary in a constitutional sense."  *Bryant v. City of New York*, 2003 WL 22861926, at *8 (S.D.N.Y. 2003) (citing *Lowiance v. Achtly*, 20 F.3d 529, 537 (2d Cir. 1994)).  Thus, "[t]o state a Section 1983 claim, a plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process."  *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998).  Courts in this Circuit have noted that "[s]ubstantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in the constitutional sense, but not against government action that is incorrect or ill-advised."  *Dellutri v. Vill. of Elmsford*, 895 F.Supp.2d 555, 573 (S.D.N.Y. 2012) (quoting *Cunney v. Bd. of Trustees of Vill. of Grand*

---

[10] To the extent King alleges in passing that his security guard license was suspended, this does not give rise to a separate due process claim.  (Dkt. ¶¶ 12, 14).  King alleges New York State, not the Village Defendants, suspended his license, and therefore, the Village Defendants cannot be considered personally involved.  Furthermore, there are no allegations that he was denied any opportunity to be heard regarding the suspension of his security license.  The allegations are entirely conclusory.

*View*, 660 F.3d 612, 626 (2d Cir. 2011)).  In "order to shock the conscience and trigger a violation of substantive due process, official conduct must be outrageous and egregious under the circumstances; it must be truly brutal and offensive to human dignity."  *Id*. at 573 (quoting *Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007)).  "[I]ncorrect or ill-advised" government actions do not meet the standard.  *Dellutri v. Vill. of Elmsford*, 895 F.Supp.2d 555, 573 (S.D.N.Y. 2012) (quoting *Cunney v. Bd. of Trustees of Vill. of Grand View*, 660 F.3d 612, 626 (2d Cir. 2011)).

King's conclusory allegations that "detention resulted from Defendant's actions in arresting the Plaintiff, filing a police report, and issuing a felony complaint without an adequate investigation" "shocked the conscience" fail to give rise to a due process claim. (Dkt. 2, ¶¶ 63-64).  In "order to shock the conscience and trigger a violation of substantive due process, official conduct must be outrageous and egregious under the circumstances; it must be truly brutal and offensive to human dignity."  *Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007).  The alleged conduct –arresting King at his place of work without an allegedly adequate investigation and having the charges be presented to a grand jury—is not the type of conduct that is deemed outrageous and egregious to trigger a violation of due process.

For these reasons, his Fourteenth Amendment claim should be dismissed.

## POINT VIII

### King's *Monell* Under § 1983 Must Be Dismissed

To the extent King's federal claim is asserted against the Village, there is not a single allegation to support a *Monell* claim against it.  King's attempt to assert a § 1983 claim against the Village is based exclusively on the doctrine of *respondeat superior*.  However, it is well established that a municipality "is not subject to liability under § 1983

solely on the basis of *respondeat superior*." *Collins v. City of Harker Heights, Tex*., 503 U.S. 115, 121 (1992).  In order to prevail on a § 1983 claim against the municipality, King must allege, and failed to do so, that not only is there an alleged constitutional deprivation, but that it was caused by an official policy or custom.  *U.S. v. Erie Cnty.*, 724 F. Supp. 2d 357, 370-371 (W.D.N.Y. 2010) ("Section 1983 imposes liability on a municipality when an official custom or policy *causes* an employee to violate an individual's constitutional rights").   Specifically, King must allege facts showing "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in to contact with the municipal employees."  *Ortiz v. Orleans Cnty.*, 2022 WL 1242486, at *12 (W.D.N.Y. 2022) (quoting *Merrow v. Ashley*, 2019 WL 2542919, at * 9-10 (W.D.N.Y. 2019)).

As discussed below, King's *Monell* claim must be dismissed because: (a) he failed to allege a policy or custom; (b) *Monell* liability does not arise from a single incident; and (c) any official capacity claim is redundant.  Furthermore, as demonstrated in Points VI and VII, there is no underlying constitutional claim.

## A. King Alleges No Official Custom or Policy.

There are no factual allegations in King's Complaint that an official custom, policy or practice existed, much less one that caused any alleged constitutional deprivation.  Policies are formally adopted by a policymaker whereas customs are widespread

practices.  *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

King makes no attempt to set forth any allegations, let alone facts, that the Village had

any type of policy, custom, or practice that caused a constitutional violation.  King does

not even recite the elements of a *Monell* claim.  Instead, he merely states that "the

individual defendants are liable under 42 U.S.C. §1983, for the violation of the Plaintiff's

rights under the Fourth, Fifth, and Fourteenth Amendments." (Dkt. 2, ¶ 67).

Such allegations are woefully deficient.  Even when a plaintiff has attempted to

allege a custom or policy, albeit conclusory, the Second Circuit has held that "the mere

assertion that a municipality has such a custom or policy is insufficient in the absence of

allegations of fact tending to support, at least circumstantially, such an inference." *Zahra

v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *see Bugman v. City of Tonawanda,

New York*, 2022 WL 4287761, at *13 (W.D.N.Y. 2022) ("Plaintiff's boilerplate allegations

are insufficient"); *Nolan v. Cnty. of Erie*, 2020 WL 1969329, at *11 (W.D.N.Y. 2020)

(dismissing Plaintiff's bare allegations that the County "had a custom, policy and

practice"); *Sandstrom v. New York, et al.*, 2020 WL 3949344, at *21, *R&R adopted*, 2020

WL 1861710, (W.D.N.Y. 2020) (same); *Willet v. City of Buffalo*, 2016 WL 7974154, at *7

(W.D.N.Y. 2016) (same).  Here, there are no allegations whatsoever suggesting any type

of policy or custom or practice.  Similarly, there are no allegations suggesting that

policymakers were deliberately indifferent to training or supervising subordinates.  For

this reason, King's *Monell* claim should be dismissed outright.

### B. *Monell* Liability Does Not Arise From a Single Incident.

Dismissal is also appropriate because a custom and policy does not arise from a

single incident. *Ortiz*, 2022 WL 1242486, at *12 ("In the Second Circuit, a *Monell* claim

cannot go forward based on conclusory claims regarding a single incident without more evidence that connects this incident to a municipality policy or practice"); *Lawton v. Town of Orchard Park*, 2017 WL 3582473, at *8 (W.D.N.Y. 2017) (same); *Thomas v. City of New York*, 2015 WL 9412543, at *2 (E.D.N.Y. 2015) (A "single incident is insufficient to raise an inference of the existence of a custom, policy, or practice, as is a mere recitation of a failure to train municipal employees"); *Worrell v. City of New York*, 2014 WL 1224257, at *12 (E.D.N.Y. 2014) ("[A] single incident of [the plaintiff's] own allegedly negligent investigation is not sufficient to impose municipal liability"). King alleges, at most, a single incident by the Village Defendants, i.e., his own, which is insufficient to support a *Monell* claim.

### C. King's Official Capacity Claim is Redundant and Warrants Dismissal

King's federal claims against Officer Lana in his official capacity must be dismissed because "an official capacity suit is, in all respects other than the name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "[C]laims against individual defendants in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant." *Galloway v. Town of Greece*, 732 F. Supp. 2d 195, 214 (W.D.N.Y. 2010), *rev'd sub nom. on other grounds*, 572 U.S. 565 (2014) (internal citation omitted). Indeed, "courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" *Zuk v. Onondaga Cnty.*, 2010 WL 3909524, at *11 (N.D.N.Y. 2010) (internal citation omitted). Likewise, here, the claims against Officer Lana in his official capacity must be dismissed.

## POINT IX

### The Geneseo Police Department is Not Capable of Being Sued

It is well-established that, "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality, and therefore, cannot sue or be sued." *Davis v. Lynbrook*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Police departments are conclusively considered to be an "administrative arm" of the municipality, and thus cannot be sued. *Kearse v. Kulikowski*, 2019 WL 3252916, at *2 (W.D.N.Y. 2019) ("Municipal police departments are not municipalities or 'persons' subject to suit under § 1983); *Goodson v. Isch*, 2018 WL 6313466, at *2 (W.D.N.Y. 2018), *R&R adopted*, 2018 WL 4766967 (W.D.N.Y. 2018) (same). As such, the Geneseo Police Department must be dismissed as a Defendant.

## POINT X

### Punitive Damages Are Not Available Against The Village

Punitive damages are not available against municipalities. In the *City of Newport v. Fact Concerts*, the United States Supreme Court held that a municipality is immune from punitive damages in a claim brought under § 1983. 453 U.S. 247, 263-271 (1981). In *Dininny v. Trentanelli*, this Court recognized that under City of Newport, "punitive damages would not be available from the municipality." 2010 WL 5343180, at *10 (W.D.N.Y. 2010).

## POINT XI

### The Village Defendants are Entitled to Governmental Immunity

King's state law claims are also barred under the doctrine of governmental immunity, which affords immunity to public employees "where their alleged acts and

omissions are discretionary, even if the acts arose out of malice." *Moore v. Melesky*, 14 A.D.3d 757 (3d Dept. 2005); *see also Bancroft v. City of Mount Vernon*, 672 F. Supp. 2d 391, 408 (S.D.N.Y. 2009) (Tort claims involving assault, battery, negligence, and intentional infliction of emotional distress barred by governmental immunity).  In *McLean v. City of New York*, the Court of Appeals held that "discretionary municipal acts may never be a basis for liability, while ministerial acts may support liability only where a special duty is found."  12 N.Y.3d 194, 202 (2009).  The Court of Appeals stated that "discretionary acts" involve "the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result."  *Tango v. Tulevech*, 61 N.Y.2d 34, 41 (1983).  Here, King's allegations against the Village Defendants encompass exercising professional judgment when handling an arrest.  As such, governmental immunity applies.

## **CONCLUSION**

For the reasons, the Village Defendants respectfully request that their Rule 12(c) motion be granted in its entirety.

DATED:      April 17, 2024

WEBSTER SZANYI LLP
 Attorneys for Defendants


By:   *s/ Shannon B. Vandermeer*
       Shannon B. Vandermeer
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
svandermeer@websterszanyi.com